IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHRISTOPHER SCOTT JONES,

    Plaintiff,

    v.         Civil Action No. 3:11CV001-JAG

OFFICER BENJAMIN JOHNSON,
BADGE NO. 331,

and

FREDERICKSBURG POLICE DEPARTMENT,

    Defendants.

MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Remand (Dk. No. 7) this case back to state court.

Defendants removed the present case from the Circuit Court for the City of Fredericksburg on January 3, 2011. The Notice of Removal states that this Court has original jurisdiction over the underlying action pursuant to 28 U.S.C. § 1441. On January 14, 2011, Plaintiff filed the Motion to Remand, contending that Defendants manifested an intent to litigate the underlying cause of action in state court, thereby waiving any privilege to remove the action to federal court. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid

in the decisional process. For the reasons discussed herein, Plaintiff's Motion to Remand is DENIED.

A party may remove to this Court any case over which it has original jurisdiction. 28 U.S.C. § 1441(b). This Court has original jurisdiction over all civil actions founded on a claim or right arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1331. Where a suit is commenced in state court, a defendant may remove the action by filing a notice of removal containing a "short and plain statement of the grounds for removal" along with copies of all previously filed papers. 28 U.S.C. § 1446(a). This notice must be filed within 30 days of service.[1] 28 U.S.C. § 1446(c)(1). A defendant, however, may waive its right to remove by taking some "substantial defensive action in the state court before petitioning for removal." *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998); *Mansfield v. Anesthesia Assocs.*, 2007 U.S. Dist. LEXIS 92651, *6 (E.D. Va. Dec. 18, 2007). A waiver must be "clear and unequivocal" and will only be found in "extreme situations." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991).

Recognizing that prudent parties will always take steps to avoid a default, federal courts in Virginia have found that the act of simply filing a responsive pleading in state court does not amount to a waiver of the right to remove. *Mansfield*, 2007 U.S. Dist. LEXIS 92651, at *6-7; *see Sayre Enters, Inc. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736 (W.D. Va. 2006) ("[T]he mere filing of a demurrer should not foreclose the possibility of removing a case to federal court."); *Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) (drawing a distinction between the right to remove after the mere filing of a demurrer and the right to remove after the

---

[1] Plaintiff commenced this action by filing his Complaint on March 1, 2010. Apparently, the initial complaint was not served on Defendants. Plaintiff filed an Amended Complaint on December 13, 2010. Defendants were served by deputy sheriffs later in December. Defendants removed the case on January 3, 2011. The removal was, therefore, timely.

state court has rendered its decision on a demurrer); *Baldwin v. Perdue*, 451 F. Supp. 373, 374-75 (E.D. Va. 1978) (finding that filing responsive pleadings in state court did not block removal to federal court).

In this case, the Amended Complaint asserts claims under 42 U.S.C. § 1983, arising from an arrest that allegedly violates the Fourth Amendment. The case clearly is subject to removal; yet, Plaintiff argues that Defendants waived their right to remove the case to this Court. Plaintiff claims that, prior to filing the Notice of Removal, Defendants filed a Demurrer/Motion to Dismiss and Answer in Fredericksburg Circuit Court, thereby showing an intent to litigate in state court and foregoing the privilege to remove. (Mot. to Remand ¶¶ 2-3.)

Defendants, however, filed their Answer, Demurrer/Motion to Dismiss, and Notice of Removal at the exact same time. They used the double title, "Demurrer/Motion to Dismiss," to account for the difference in naming conventions between the federal and state courts and, in no way, intended to waive their right to remove the case. (Defs.' Mem. in Opp'n. to Pl.'s Mot. to Remand 3.)

The Court agrees with Defendants' assertions. As noted by the clerk of the Circuit Court for the City of Fredericksburg, the Defendants' Notice of Removal, Demurrer/Motion to Dismiss, and Answer were all filed simultaneously on January 3, 2011. Filing these papers was not a waiver, but rather a prudent step to ensure that Defendants did not go into default. Defendants' pleadings and Notice of Removal were timely filed in accordance with 28 U.S.C. §§ 1441 and 1446(b).

Rather than demonstrate an intent to remain in state court, the simultaneous filing and double-naming of the Motion to Dismiss clearly demonstrates Defendants' plan to remove the

case to federal court. As noted above, Fourth Circuit precedent states that waiver should be found only in extreme situations, not under the present circumstances.

Accordingly, for the reasons stated, Plaintiff's Motion to Remand is DENIED.

An appropriate Order will issue.

                                                    /s/
                                    John A. Gibney, Jr.
                                    United States District Judge

Date: <u>February 7, 2011</u>
Richmond, VA